[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-13914
Non-Argument Calendar

_____

Agency No. A087-348-208

GO WAN TJHING,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(May 31, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Go Wan Tjhing, an Indonesian citizen of Chinese ethnicity, petitions for review of the Board of Immigration Appeals' (BIA) order dismissing his appeal from the Immigration Judge's (IJ) denial of his application for withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3).[1] The BIA concluded Tjhing did not establish past persecution entitling him to a presumption of future persecution and, consequently, eligibility for withholding of removal, because nationwide riots and civil strife in Indonesia in 1998 did not constitute persecution. Tjhing argues before us that the BIA erred by concluding he was not persecuted simply because there was rioting and civil strife. Instead, Tjhing alleged that he was persecuted in 1998 because of his Chinese ethnicity and Christian religion.

We agree with Tjhing that the BIA misconceived his claim. The BIA determined Tjhing "did not demonstrate that he was persecuted in 1998 because there were countrywide riots and general civil strife in the country at that time, which does not constitute persecution." While "widespread savage violence affecting [the population of an entire country] as the result of civil strife and anarchy" may not constitute persecution, *see Matter of Sanchez and Escobar*, 19 I.

---

[1]Tjhing also applied for asylum and relief under the Convention Against Torture. Tjhing, however, does not raise any argument on appeal concerning those claims and has therefore abandoned them. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1231 (11th Cir. 2005).

& N. Dec. 276, 284 (BIA 1985); *cf. Mazariegos v. U.S. Att'y Gen.*, 241 F.3d 1320, 1328 (11th Cir. 2001) ("[T]he INA does not extend eligibility for asylum to anyone who fears the general danger that inevitably accompanies political ferment and factional strife." (quotation omitted)), Tjhing did not seek withholding of removal solely on account of general civil unrest.  Rather, in a statement attached to his application for withholding of removal, Tjhing maintained that in May 1998, an anti-Chinese riot broke out during which hundreds of people came to his house one night shouting "[b]urn Chinese, burn the pig Chinese."  He further alleged that the mob broke into his house and attacked him and his family.  Tjhing reiterated these assertions in his testimony before the IJ.

That general strife or mass unrest has embroiled a country in violence does not eliminate a claim that a petitioner was persecuted on the basis of a statutorily protected ground.  *See* 8 U.S.C. § 1231(b)(3)(A) (prohibiting the removal of an alien if "the alien's life or freedom would be threatened in [the country of removal] because of the alien's race, religion, nationality, membership in a particular social group, or political opinion").  The BIA in this case assumed Tjhing was credible, and he presented evidence that he was targeted for mob violence because of his Chinese ancestry, that is, on account of a statutorily protected ground.  Thus, the correct inquiry was whether the mob's actions against the petitioner rose to the extreme level of persecution, not whether civil unrest generally amounts to

3

persecution.  *See Perlera-Escobar v. Exec. Office for Immigration*, 894 F.2d 1292, 1298 (11th Cir. 1990) ("In the context of a civil war, where general conditions of violence exist, it becomes necessary to examine the motivations of the group threatening the alien.").

The BIA, however, did not reach this issue, and we may not address it on our own.  "[I]n cases on appeal where the BIA has not addressed a particular issue that a petitioner put before it, 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'"  *Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1329 (11th Cir. 2007) (quoting *INS v. Ventura*, 537 U.S. 12, 16, (2002) (per curiam)); *see also Gonzales v. Thomas*, 547 U.S. 183, 185-87 (2006) (per curiam).  It is immaterial that the BIA also concluded Tjhing failed to establish a threat of future persecution.  If the 1998 incident amounted to persecution, the BIA would have to undertake a different analysis of the likelihood of future persecution.  Specifically, Tjhing would be entitled to a rebuttable presumption of future persecution and the Government would be required to demonstrate by a preponderance of the evidence that (1) Tjhing could relocate within Indonesia, or (2) a fundamental change in circumstances had occurred.  *See Sanchez Jimenez v. U.S. Att'y Gen.*, 492 F.3d 1223, 1237 & n.11 (11th Cir. 2007); *see also* 8 C.F.R. § 1208.16(b)(1).  Accordingly, we conclude remand to the BIA is appropriate in this situation so the agency may apply its expertise to the question of

whether Tjhing experienced persecution in 1998. *See Gonzales*, 547 U.S. at 186-87.

Nevertheless, substantial evidence supported the BIA's finding that Tjhing failed to demonstrate past persecution on the basis of a statutorily protected ground on account of an assault that occurred in April 2000. Tjhing testified that, while he was travelling on business, a group of people stopped him, pulled him from his car, and beat him. Tjhing further testified he did not know why he was attacked, but he knew that his assailants were aware of his Chinese ancestry. Tjhing conceded he did not know why he was assaulted, and he thus presented evidence only that he was the victim of private violence or criminal activity. Such evidence "does not constitute evidence of persecution based on a statutorily protected ground." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1258 (11th Cir. 2006). Viewed in the light most favorable to the BIA's decision, the record does not compel reversal of the administrative finding that the attack was not on account of a statutorily protected ground. *See Sanchez Jimenez*, 492 F.3d at 1230. Accordingly, Tjhing's petition for review is denied to the extent it challenges the BIA's findings regarding the April 2000 assault.

**PETITION GRANTED IN PART, DENIED IN PART, AND REMANDED.**